IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DEBORAH A. WIEDIGER,

             Plaintiff,

      v.                              Civil Action No.
                                           5:12-CV-1620 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP        HOWARD OLINSKY, ESQ.
300 S. State Street            JILLIAN C. KARAS, ESQ.
5th Floor, Suite 520          EDWARD A. WICKLUND, ESQ.
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    KATRINA M. LEDERER, ESQ.
United States Attorney        Special Assistant U.S. Attorneys
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]   Oral argument was conducted in connection with those motions on November 8, 2013, during a telephone conference at which a court reporter was present.   At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.   Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)     Defendant's motion for judgment on the pleadings is

GRANTED.

2)     The Commissioner's determination that the plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is AFFIRMED.

3)     The clerk is respectfully directed to enter judgment, based upon

this determination, dismissing plaintiff's complaint in its entirety.


_____

David E. Peebles
U.S. Magistrate Judge


Dated:     November 20, 2013
           Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
DEBORAH A. WIEDIGER,

                        Plaintiff,

vs.                                12-CV-1620

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
--------------------------------------------x

                        Transcript of *Decision* held on

November 8, 2013, at the James Hanley Federal Building,

100 South Clinton Street, Syracuse, New York, the

HONORABLE DAVID E. PEEBLES, United States

Magistrate Judge, Presiding.

                    A P P E A R A N C E S

For Plaintiff:        OLINSKY LAW GROUP
                      Attorneys at Law
                      300 S. State Street
                      Syracuse, New York 13202
                        BY:  JILLIAN C. KARAS, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional General Counsel
                      26 Federal Plaza, Room 3904
                      New York, New York 10278
                        BY:  KATRINA M. LEDERER, ESQ.

                *Eileen McDonough, RPR, CRR*
          *Official United States Court Reporter*
                    *P.O. Box 7367*
                *Syracuse, New York 13261*
                    *(315)234-8546*

1    THE COURT:  I have before me a plaintiff who

2  was born in November of 1961, which makes her nearly 52 years

3  old.  She has a twelfth grade education.  She last worked on,

4  according to her, July 1, 1999.  That's at page 114 of the

5  Administrative Transcript.  Although I note that she

6  reportedly told Dr. Ganesh that she last worked in 1983.

7  That's at page 287 of the transcript.  In any event, she has

8  a work history that is sporadic at best.

9    She suffered what have been referred to as

10  strokes, or events we'll call them, on March 16, 2005 and

11  then again on September 8, 2005 and was hospitalized on both

12  occasions.  Since that time she has been treated by

13  Dr. Lowenstein, her long-time provider, medical provider, who

14  she has been treating with since 1985, as well as Dr. Jameel

15  Arastu with Slocum-Dickson Medical Group, a neurologist, who

16  she has seen at least from June of 2008 through October of

17  2009.

18    The plaintiff reportedly suffers from

19  hemiplegic migraine headaches.  The frequency varies.  And as

20  we have been discussing, there are various excerpts of the

21  record that are inconsistent as to the extent of those.  The

22  plaintiff allegedly reported to Dr. Arastu that they occur

23  four times a year and last between a half hour and an hour.

24  However, Dr. Lowenstein suggests that they happen twice per

25  month, a much more frequent basis.

1          Dr. Lowenstein, the long-time treating general

2     practitioner, provided two medical source statements.  One on

3     June 10, 2009 opining that plaintiff is very limited in most

4     all categories when experiencing hemiplegic migraine

5     headaches.  On April 12, 2010 Dr. Lowenstein opined that

6     plaintiff can lift and carry up to 10 pounds occasionally,

7     sit for one hour, stand for 25 minutes and walk for 25

8     minutes at a time; sit for five hours, stand for two hours

9     and walk for one hour in an eight hour day.  Dr. Lowenstein

10    also indicates that plaintiff's memory is significantly

11    affected by her stroke.  He attributes these limitations to

12    overall weakness and lower back pain.

13          Significantly, although there does not appear

14    much focus on the back pain, and at least one point on

15    June 16, 2008 plaintiff denied having back pain, that is at

16    366, there are references on other occasions, including

17    September 4, 2008 at page 363, and January 29, 2010 at

18    page 402, of reports of back pain.

19          Plaintiff was consultatively examined by

20    Dr. Kalyani Ganesh on June 28, 2007.  Dr. Ganesh concluded

21    that the claimant appeared to be in no acute distress.  Her

22    gait was normal.  She can walk on heels and toes without

23    difficulty.  See cannot squat.  Her stance is normal.  She

24    uses no assistive devises, needed no help changing for the

25    exam or getting on and off the exam table, was able to rise

from the chair without difficulty.  And based on those findings Dr. Ganesh concluded, quote, "At this time, no gross physical limitation noted to sitting, standing, walking, or upper extremities.  The claimant observed using the left hand, left arm freely, no difficulties."

There is also a report from a non-examining state consultant C. Zelno rendered on July 28, 2007 stating certain limitations.  Magnetic Resonance Imaging testing of plaintiff's brain conducted on March 29, 2005, that's at page 188, March 9, 2005 at page 207, May 19, 2006, that's at page 205, and July 1, 2008, page 374, as well as a CT Scan of the brain conducted on October 10, 2007 reported at page 345 were all normal.  Similarly, EEG testing of the plaintiff both awake and asleep on August 4, 2008 was normal and reflected no significant change from earlier testing on September 23, 2005.  That's reported at page 372.

Plaintiff has sought no mental health treatment.  That's at page 57.  Procedurally plaintiff applied for SSI benefits on April 23, 2007 alleging an onset date of March 16, 2005.  A hearing was conducted on January 20, 2010 before Administrative Law Judge Marie Greener.  ALJ Greener issued a decision on April 29, 2010 finding that plaintiff was not disabled at the relevant times and denying her application for benefits.  The Social Security Administration appeals counsel subsequently denied

1  review of that opinion on August 31, 2012, making the ALJ's

2  decision a final determination of the agency.

3           In her decision ALJ Greener applied the

4  standard and well-known five-step test for determining

5  disability.  Concluding at Step One the plaintiff had not

6  engaged in substantial gainful activity in any relevant time.

7  And Step Two, the ALJ concluded that plaintiff suffers from

8  three severe impairments; obesity, residuals from stroke, and

9  left lower extremity weakness.  The ALJ ruled out migraine

10 headaches as severe, noting that according to Dr. Lowenstein

11 plaintiff's reports of pain, muscle spasms and pulling

12 sensation on the left side of her face were unusual symptoms

13 to blame on hemiplegic migraines.  She cited at page 399 of

14 the Administrative Transcript for that.

15          The ALJ ruled out diabetes, lumbar spine pain

16 and hand pain as not being severe.  The ALJ went on to Step

17 Three to conclude the plaintiff's impairments do not meet or

18 medically equal any of the listed presumptively disabling

19 impairments, including those set forth in Sections 10.14 and

20 11.04 of the listings.

21          Turning to a review of plaintiff's residual

22 functional capacity, or RFC, the ALJ surveyed the available

23 evidence and concluded that notwithstanding her conditions,

24 she retains the RFC to lift and/or carry 10 pounds on an

25 occasional basis, lift and/or carry less than 10 pounds on a

frequent basis, can stand and/or walk for a total of at least two hours, and can sit for a total of about six hours, essentially compatible with the regulations as they define sedentary work.

In making that determination the ALJ rejected plaintiff's claims of disabling symptomatology noting her sporadic work record, sporadic treatment, vague statements concerning her symptoms, minimal positive diagnostic and clinical findings to corroborate her claims concerning the location, duration, frequency and intensity of her pain.

The ALJ gave significant weight to the opinions of Dr. Ganesh, some weight to the opinions of the state consultant, which in my view although not entitled to controlling weight can be considered, some weight to Dr. Lowenstein's June 10, 2009 medical source statement, and little weight to Dr. Lowenstein's April 12, 2010 statement based upon the lack of any evidence of any objective clinical showing of a decrease in plaintiff's capabilities between June 2009 and April of 2010.

At Step Four the ALJ noted that plaintiff has no past relevant work history. And at Step Five applying SSR 96-9p, the ALJ concluded that plaintiff meets all of the requirements of sedentary work and does not have any non-exertional limitations. Rule 201.18 of the grids was therefore applied to support findings of no disability.

1           My function at this juncture is extremely

2    limited.  I apply a very deferential standard of review under

3    which I determine two things; one, were the correct and legal

4    standards applied, and two, was the decision supported by

5    substantial evidence.  Substantial evidence is defined as

6    such relevant evidence as reasonable minds might accept as

7    adequate to support a conclusion.  To be more than

8    substantial, obviously, I must survey the entire record and

9    there must be more than a mere scintilla of evidence

10   scattered throughout that record.

11          Turning first to the Treating Physician Rule,

12   clearly the Commissioner's regulations require the opinions

13   of a treating physician to be given deference, particularly

14   if they're supported by medically acceptable clinical and

15   laboratory diagnostic techniques and it is not consistent

16   with other substantial evidence.  If it is rejected, the ALJ

17   is required to go through an analysis and list the factors

18   considered in rejecting that opinion.

19          I find that the partial rejection of

20   Dr. Lowenstein's opinions is well-supported and explained.

21   The opinions, the extremely limiting opinions of the

22   April 2010 medical source statements simply do not draw

23   support from the clinical notes and findings of

24   Dr. Lowenstein and the other physicians.  They're not borne

25   out by any empirical testing and are contrary to the

conclusions of Dr. Ganesh.

I did give pause to the memory loss issue. There is a statement in Dr. Lowenstein's April 2010 medical source statement concerning significant memory loss. Plaintiff did testify to memory loss in her hearing at page 49. Dr. Young references memory loss at page 364. And there is a reference from September 4, 2008 to memory declining at page 362. Memory loss, of course, is a non-exertional limitation. If it exists and if it were to preclude the plaintiff from being able to carry out, on a sustained basis to remember and carry out simple instructions, it could preclude use of the grids to carry the Commissioner's burden at Step Five. I'm convinced, however, I've reviewed the medical evidence carefully, plaintiff has never sought or received any treatment for memory loss other than 2005. Perhaps vocational training could be viewed as that kind of treatment. It is certainly remote in time and predates some of the events and treatment that we're talking about. So, in my view the memory loss is not a sufficient basis to reject the Commissioner's determination as to Step Five.

I did review carefully the credibility analysis. Clearly the ALJ engaged in the appropriate two-step analysis but found that the plaintiff's statements concerning the persistence and extent of her symptomatology

1  was not supported by the record considering her daily

2  activities, the nature of her treatment, the relatively

3  modest treatment received.

4            I then reviewed Step Five.  And again other

5  than the memory loss, which I've just described, I found no

6  reason to conclude that to resort to the grids under SSR

7  85-15 was inappropriate.  The Commissioner did succeed in

8  carrying her burden at Step Five to establish no disability.

9            So, I will grant defendant's motion for

10  judgment on the pleadings and dismiss plaintiff's complaint

11  in this matter.

12            I want to thank you both.  You did an

13  excellent, outstanding job arguing this case today.  You have

14  obviously a command of the record and the briefing as well

15  was excellent.  So I hope you both have a great weekend.

16            MS. KARAS:  Thank you, Your Honor.

17            MS. LEDERER:  Thank you, Your Honor.

18                    *            *            *

19

20

21

22

23

24

25

C E R T I F I C A T I O N


        I, EILEEN MCDONOUGH, RPR, CRR, Official Court
Reporter in and for the United States District Court,
Northern District of New York, DO HEREBY CERTIFY that I
attended the foregoing proceedings, took stenographic notes
of the same, and that the foregoing is a true and correct
transcript thereof.


_____

EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter